IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,150-02






EX PARTE CLARENCE WILBERT BILBREW, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NO. 781547 IN THE 179th JUDICIAL DISTRICT COURT

HARRIS COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated robbery, and punishment was assessed at 20 years confinement. 
Applicant's conviction was affirmed on appeal. Bilbrew v. State No. 01-99-00938 (Tex.
App. --Houston [1st Dist.], delivered January 11, 2001, pet.ref'd).

 Applicant contends, inter alia, that he was denied effective assistance of counsel at
his trial and, as a result of counsel's actions, his plea of guilty was rendered involuntary.

 The record reflects that the trial court entered an order designating issues on May 4,
2004, ordering trial counsel to file an affidavit responding to thirteen separate issues
involving Applicant's claims of ineffective assistance. The application was then forwarded
to this court prior to the trial court having the opportunity to obtain that affidavit, and enter
findings of fact and conclusions of law resolving the thirteen issues which had been
designated. We believe that Applicant has alleged facts that, if true, might entitle him to
relief. Therefore, it is this Court's opinion that additional facts need to be developed and
because this Court cannot hear evidence, the trial court is the appropriate forum. The trial
court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that
it shall order affidavits, depositions, or interrogatories from counsel, or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall, after resolving all
thirteen issues designated in its May 4, 2004 order, make findings of fact as to whether the
Applicant received ineffective assistance of counsel, and, if so, whether counsel's actions
rendered Applicant's plea involuntary. The trial court should also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 7TH DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.